# The Dickerson Law Group

**Brian E. Dickerson**
Partner
6846 Trail Blvd
Naples, FL 34108
Direct: 202.570.0248

Bdickerson@dickerson-law.com

January 18, 2022

**VIA ECF & EMAIL**
*Original will <u>not</u> follow by mail.*

The Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    <u>***In re Search Warrants dated November 3, 2021***</u>, *21 MAG 10547*
              *Miscellaneous Case No. 21-mc-00825*

Dear Judge Torres:

      Petitioner, Spencer Meads ("Meads") takes this opportunity to respond to the Government's January 11, 2022 letter filing [Dkt. 15] whereby the Government objected to the Special Master's December 28, 2021 Report & Recommendation [Dkt. 14] which recommends that the Government bear half the costs of the Special Master's compensation and expenses.

      Meads is a journalist who was formerly employed by the non-profit news organization Project Veritas until the latter part of 2021. After Meads left the employment of Project Veritas, he was made the subject of search warrants for electronic devices that were executed by the FBI on November 4, 2021. The Government now requests that Meads, along with Petitioners, James O'Keefe, III, Eric Cochran, and Project Veritas, be required to bear the entirety of the Special Master's compensation and fees. *See* Dkt. 15 at p. 1.

      Meads was an investigative journalist at Project Veritas. While employed at Project Veritas, Meads was paid a salary consistent with the market for investigative journalists of similar age, education, and experience in the New York metropolitan area. It would be unreasonable to cause Meads to bear the Government's portion of the Special Master's compensation while the Government pays nothing, given the Government's nearly limitless financial resources. *See* Case No. 21-MC-00813 (AT), Dkt. 57 at p. 3.

      Notably, journalists everywhere are carefully following this dispute. Imposing significant costs against individual journalists in this case may well have a chilling effect on the willingness of investigative journalists nationwide to expose public corruption or report on politically sensitive matters or governmental improprieties. They may make the calculation that the potential financial liabilities are not worth the effort. Shifting the Special Master's compensation to Meads would send a clear message to investigative journalists that First Amendment freedoms may be impinged by the

**The Dickerson Law Group**

January 18, 2022
Page 2 of 3

Government by subjecting individual journalists to litigation expenses as punishment for pursuing newsworthy stories.

As the Supreme Court of the United States remarked in *Minneapolis Star and Tribune Co. v. Minnesota Com'r of Revenue*, 460 U.S. 575 (1983), "[w]hen the State singles out the press . . . the political constraints that prevent a legislature from passing crippling taxes of general applicability are weakened, and the threat of burdensome taxes becomes acute." *Id*. at 585. "That threat can operate as effectively as a censor to check critical comment by the press, undercutting the basic assumption of our political system that the press will often serve as an important restraint on government. *Id*. (citing Stewart, "Or of the Press," 26 Hastings L.J. 631, 634 (1975)). This type of *de facto* censorship is particularly threatening where significant litigation expenses are imposed against individual journalists.

Further, Meads was no longer an employee of Project Veritas when the FBI raided his apartment on November 4, 2021. Meads should not be subjected to significant litigation expenses simply because after departing Project Veritas he instituted proceedings consistent with protecting First Amendment-protected newsgathering materials. Subjecting Meads to significant litigation expenses may not go unnoticed by other investigative journalists, who may come to fear that they could be personally subjected to financial penalties merely for performing newsgathering activities even after they are no longer employed by media companies.

Accordingly, Meads joins in the position taken by Petitioners, O'Keefe and Project Veritas that an *interim* order allocating the Special Master's compensation and expenses in equal halves to the Government and Petitioners should be entered, while preserving the ability of Petitioners to seek a full allocation of the Special Master's compensation and expenses against the Government, after a full briefing at a later date.

Respectfully submitted,

By:_____
Brian E. Dickerson
New York State Bar No. 5169958
**THE DICKERSON LAW GROUP, P.A.**
6846 Trail Boulevard
Naples, FL 34108
Tel: (202) 570-0248
Fax: (239) 236-1260
bdickerson@dickerson-law.com

**The Dickerson Law Group**

January 18, 2022
Page 3 of 3

*Application for Attorney Admission to the Southern District of New York to be filed promptly*

/s Eric Franz
Eric Franz
New York State Bar No. 2601763
**THE LAW OFFICES OF ERIC FRANZ, PLLC**
220 Old Country Road
Mineola, NY 11501
Tel: (212) 355-2200
Fax: (212) 937-2217
*eric@efranzlaw.com*

cc: Via Email
Robert Sobelman, Esq.
Mitzi Steiner, Esq.
Jacqueline Kelly, Esq.