USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _01/25/2024_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Search Warrant dated November 5, 2021, | 21 Misc. 813 (AT) |
| In re Search Warrant dated November 3, 2021 | 21 Misc. 819 (AT) |
| In re Search Warrant dated November 3, 2021, | 21 Misc. 825 (AT) |

**ORDER**

ANALISA TORRES, District Judge:

In November 2021, the Government seized electronic devices from the residences of Petitioners, James O'Keefe, Spencer Meads, and Eric Cochran—all members of Project Veritas, an "undercover investigative journalism" organization. By order dated December 21, 2023 (the "Order"), the Court directed that the responsive and non-privileged materials (the "Responsive Materials") seized from Petitioners' devices be disclosed to the Government's investigative team. Order, ECF No. 68 at 23.[1]  Meads appealed the Order, ECF No. 76, and now moves to stay the Order pending appeal. Pet'r Mot., ECF No. 74. O'Keefe and Cochran join his motion. ECF Nos. 77–78.[2]  For the reasons stated below, the motion is DENIED.

---

[1] All ECF citations are to the docket in 21 Misc. 825 unless otherwise noted.

[2] On a separate docket, O'Keefe filed a letter stating that his letter joining Meads' stay motion "applies equally to this docket." 21 Misc. 813, ECF No. 169. The Order was filed in the three captioned dockets, and the Court's stay denial applies equally to all three dockets. However, the Court notes that only Meads has appealed the Order. ECF No. 76.

## DISCUSSION[3]

A stay is "an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (cleaned up). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.* at 433–34.

Courts consider four factors in deciding whether to grant a stay of an order pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *United States v. Grote*, 961 F.3d 105, 122–23 (2d Cir. 2020) (citation omitted). When the Government is the opposing party, the third and fourth factors merge. *Nken*, 556 U.S. at 435. The test is applied on "'a sliding scale,' such that 'the necessary "level" or "degree" of possibility of success will vary according to the court's assessment of the other stay factors.'" *Gen. Mills, Inc. v. Champion Petfoods USA, Inc.*, No. 20 Civ. 181, 2020 WL 915824, at *2 (S.D.N.Y. Feb. 26, 2020) (quoting *Thapa v. Gonzales*, 460 F.3d 323, 334 (2d Cir. 2006)).

As to likelihood of success on the merits, Petitioners claim that the Court committed four errors in the Order. Specifically, they contend that (1) the Court misapplied *Bartnicki v. Vopper*, 532 U.S. 514 (2001); (2) the Court should have applied the privilege test for confidential information, rather than nonconfidential information; (3) the Court's application of the privilege test was "conclusory" and "sweeping"; and (4) the Court ignored the context of certain

---

[3] The Court presumes familiarity with the facts and procedural history of this matter as detailed in prior orders. *See* Order at 2–6.

2

communications in determining that they fell outside the attorney-client privilege. *See* Pet'r Mot. at 5–8. Petitioners largely reiterate arguments made in their objections to the Special Master's report and recommendation. *See* Order at 10, 12–16 & n.13, 18–20. The Court "addressed each of these issues in the [Order] and concluded, based on well-established Second Circuit law, that each of these arguments is meritless." *Rossbach v. Montefiore Medical Center*, No. 19 Civ. 5758, 2021 WL 4206885, at *1 (S.D.N.Y. Aug. 26, 2021).

Petitioners offer one new argument: that the Court should have applied the test for confidential information because the identities of the sources were confidential when the devices were seized. Pet'r Mot. at 6–7. But, the Court already held that because the Circuit is concerned with "forcing the press to breach a promise of confidentiality," the confidentiality determination "turns on whether the information sought is *currently* public through the source's own actions." Order at 13–14 (emphasis added) (cleaned up). Requiring disclosure in this case does not force such a breach. And, although Petitioners argue that the sources' plea allocution should not "make the entirety of a journalist's newsgathering activities" nonconfidential, Pet'r Mot. at 7, Petitioners still "fail to identify any information provided under a promise of confidentiality that remains confidential." Order at 12. As Petitioners have not shown that their chance of success is "better than negligible," the first factor weighs against a stay. *Nken*, 556 U.S. at 434 (citation omitted).

Regarding irreparable harm, Petitioners contend that denying a stay would moot their appeal. Pet'r Mot. at 3–4. Petitioners are incorrect. In *In re County of Erie*, the Second Circuit denied a stay pending appeal, and the defendants turned over documents that they claimed were protected by the attorney-client privilege. 473 F.3d 413, 417 (2d Cir. 2007). The Circuit declined to moot the appeal, holding that the "the privilege can nevertheless be vindicated by

preventing the use of the documents during further discovery . . . and at trial." *Id.* "[T]he disclosure of any privileged information could be remedied through multiple avenues, including (a) redaction of the portions of the documents that contain privileged information for use on substantive motions or at trial, or (b) an order that [the opposing party] is not permitted to use those documents on substantive motions or at trial." *Doe v. Zucker*, No. 17 Civ. 1005, 2021 WL 3046744, at *3 (N.D.N.Y. July 20, 2021). Denying Petitioners' motion, therefore, would not moot their appeal.

Petitioners also argue that disclosure to the Government would violate their constitutional rights, constituting irreparable harm. Pet'r Mot. at 3–4. But, the Court has already determined that disclosure of the Responsive Materials would not violate the First Amendment. *See* Order at 6 n.6. And the disclosure will not reveal the identities of confidential sources to the Government. Order at 12; *see In re Chevron Corp.*, 709 F. Supp. 2d 283, 309 (S.D.N.Y. 2010) (finding no irreparable injury where sources' "identities are readily discernable"). Accordingly, the second factor also weighs against a stay.

Finally, Petitioners argue that the public interest supports vindication of journalists' rights and that the Government would not be prejudiced because, were it successful on appeal, it would gain access to the Responsive Materials. Pet'r Mot. at 4–5. The Court appointed the Special Master to "protect the public's confidence in the administration of justice," ECF No. 12 at 3, and her careful review process respected that "the First Amendment may be implicated when a journalist's device is seized." Order at 4. But, the public interests in fairness and journalistic protections have been vindicated by the lengthy and robust process that the parties engaged in before the Special Master and the Court. *See id.* at 9 n.9 (noting that the Court provided Petitioners with "more process than required" by Supreme Court precedent). The Court found

that no privilege prevents the disclosure of the Responsive Materials. *See Chevron Corp.*, 709 F. Supp. 2d at 310 (weighing the public interest in favor of the journalist privilege only "where it is properly invoked"). Moreover, there is a "significant public interest in allowing government agencies" to enforce federal laws. *SEC v. Finazzo*, No. 18 Misc. 304, 2008 WL 1721517, at *5 (S.D.N.Y. Apr. 11, 2008). Because the Government's investigation focuses on events from September 2020, further delay could frustrate the investigation and raise concerns about witness recollection, evidence availability, and statutes of limitations. *See* Gov't Opp. at 6–7, ECF No. 80. Accordingly, this factor also weighs against a stay.

## CONCLUSION

For the foregoing reasons, the Court DENIES Petitioners' motion for a stay pending appeal. The Clerk of Court is directed to terminate the motions at ECF Nos. 74, 77, and 78 in docket number 21 Misc. 825, and ECF No. 169 in docket number 21 Misc. 813.

SO ORDERED.

Dated: January 25, 2024
　　　　New York, New York

_____
ANALISA TORRES
United States District Judge