Case 1:21-mc-00825-AT   Document 90   Filed 02/18/25   Page 1 of 4

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __2/18/2025__

# The Dickerson Law Group

Naples, FL 34108
Direct: 202.570.0248

Bdickerson@dickerson-law.com

February 6, 2025

**VIA CM/ECF**
*Original will <u>not</u> follow by mail.*

The Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:      <u>*In re Search Warrants dated November 3, 2021*</u>, 21 Misc. 825 (AT)

Dear Judge Torres:

      This law firm represents Petitioner, Spencer Meads ("Meads") in the above-referenced action. Meads respectfully requests reconsideration of this Court's February 6, 2025 Order Granting the Government's Motion to Unseal (the "February 6, 2025 Order") [Case No. 21 Misc. 813, Dkt. 176]. The Court's February 6, 2025 Order was entered before Meads – who is impacted by the Court's February 6, 2025 Order – had an opportunity to file his response to the Government's Motion to Unseal Pursuant to the Court's April 16, 2024 Order [Case No. 21 Misc. 813, Dkt. 174].

      As this Court is aware, on February 5, 2025, by letter to the Court the Government's counsel requested that the Special Master's appointment be terminated and, further, advised the Court that "[b]ased on information currently available to the Government, no additional criminal charges are forthcoming". Case No. 21 Misc. 825, Dkt. 87 at p. 1. On the same date, by separate letter to the Court in the parallel action styled *In re Search Warrant dated November 5, 2021*, Case No. 21 Misc. 813 (AT), pursuant to the Court's April 16, 2024 Order (Dkt. 172), the Government requested that the Court unseal the Search Warrant Materials[1] with redactions to protect third-party privacy and law enforcement interests. Case No. 21 Misc. 813, Dkt. 174 at p. 1. The Court's February 6, 2025 Order granted the Government's request in its entirety.

      Meads requests reconsideration of the Court's February 6, 2025 Order and, further, that the Search Warrant Materials be unsealed in their entirety, without redactions. For clarity, the instant request is directed to the Search Warrant Materials, as they pertain not only to the November 5, 2021 search warrants executed at the residence of James O'Keefe ("O'Keefe") (Case No. 21 Misc. 813),

---

[1] The Search Warrant Materials are comprised of "the search warrant application, supporting affidavit, return, and any other judicial documents filed in connection with the November 5, 2021 search warrant" that was "executed . . . at the residence of . . . James O'Keefe." Case No. 21 Misc. 813, Dkt. 172 at p. 1.

**The Dickerson Law Group**

February 6, 2025
Page 2 of 4

but also the November 3, 2021 search warrants executed at the residence of Meads (Case No. 21 Misc. 825) and the November 5, 2021 search warrants executed at the residence of Eric Cochran ("Cochran") (Case No. 21 Misc. 819). Additionally, Meads requests that this Court unseal all applications, affidavits, and other judicial documents filed by the Government in connection with the Government's compulsory demands, including secret warrants and 18 U.S.C. § 2703(d) orders, to obtain materials from various service providers, including but not limited to, Microsoft, Apple, Google, AT&T, Verizon, Amazon, and Uber, with respect to accounts held by or on behalf of Project Veritas, O'Keefe, Meads, and Cochran.

The public interest in access to the Search Warrant Materials in their entirety, without redactions, is clear. In November 2021, the Government searched the residences of O'Keefe, Meads, and Cochran pursuant to search warrants and continued to investigate these journalists for years thereafter. The Government's criminal investigation against these journalists has been the subject of significant public interest, scrutiny, and media coverage.[2] Besides the public interest in the Government's investigation, Meads has a right to know why he and his former colleagues were investigated by the Government and why compulsory legal process was utilized against them, as members of the news media, in apparent violation of applicable regulations and policies. Thus, unfettered public access to the Search Warrant Materials clearly is appropriate. *See*, *e.g.*, *In re Search Warrant*, No. 16-MAG-7063, 2016 WL 7339113 at *3 (S.D.N.Y. Dec. 19, 2016) (recognizing that in the Second Circuit "where the documents 'directly affect an adjudication, or are used to determine the litigants' substantive legal rights' the presumption of access is very high and may only be overcome by 'extraordinary circumstances'") (quoting *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016)). For the same reasons, this Court should unseal all applications, affidavits, and other judicial documents filed by the Government in connection with the

---

[2] *See*, *e.g.*, Michael S. Schmidt and Adam Goldman, Justice Dept. Says It Will Not Bring Charges in Investigation of Project Veritas, The New York Times (Feb. 5, 2025), https://www.nytimes.com/2025/02/05/us/politics/justice-dept-project-veritas-ashley-biden.html; Caleb Pershan, Project Veritas Battles for Journalism, and Against It, COLUM. JOURNALISM REV. (Jan. 11, 2022), https://www.cjr.org/analysis/project-veritas-battles-for-journalism-and-against-it.php; Josh Gerstein, FBI Raid on Project Veritas Founder's Home Sparks Questions About Press Freedom, POLITICO (Nov. 13, 2021), https://www.politico.com/news/2021/11/13/raid-veritas-okeefe-biden-press-521307; ACLU, ACLU Comment on FBI Raid of Project Veritas Founder (Nov. 14, 2021), https://www.aclu.org/press-releases/aclu-comment-fbi-raid-project-veritas-founder; Michael S. Schmidt and Adam Goldstein, Project Veritas Says Justice Dept. Secretly Seized Its Emails, The New York Times (Mar. 22, 2022), https://www.nytimes.com/2022/03/22/us/politics/project-veritas-emails.html; Josh Gerstein, First Amendment Claim Struck Down in Project Veritas Case Focused on Diary of Biden's Daughter, POLITICO (Dec. 26, 2023), https://www.politico.com/news/2023/12/26/first-amendment-project-veritas-ashley-biden-diary-00133199. The foregoing are only a miniscule sampling of the near limitless volume of media coverage, opinion, and commentary regarding the Government's investigation of O'Keefe, Meads, and Cochran from 2021 through the present.

**The Dickerson Law Group**

February 6, 2025
Page 3 of 4

Government's compulsory demands, including secret warrants and 18 U.S.C. § 2703(d) orders, to obtain materials from various service providers, including but not limited to, Microsoft, Apple, Google, AT&T, Verizon, Amazon, and Uber, with respect to accounts held by or on behalf of Project Veritas, O'Keefe, Meads, and Cochran.

On February 5, 2025, the Government submitted to the Court *ex parte* and under seal proposed redactions to the Search Warrant Materials relative to O'Keefe. *See* Case No. 21 Misc. 813, Dkt. 174 at p. 1. The Government's letter, however, provides essentially no factual basis supporting countervailing interests to unfettered public access to the Search Warrant Materials. In its letter, the Government only vaguely alludes to purported third-party privacy and law enforcement interests, without providing any details regarding those interests. *See* Case No. 21 Misc. 813, Dkt. 174 at pp. 1-3. This tactic is intended to undercut the ability of an interested party, such as Meads, to challenge the necessity of the Government's proposed redactions to the Search Warrant Materials. Yet, the Government has not identified any law enforcement interest, method, or tactic that might be jeopardized by ordering unfettered public access to the Search Warrant Materials. In this regard, the Government cannot point to any need for confidentiality or secrecy in reference to ongoing criminal investigations, as the Government already announced that no additional criminal charges will be brought. *See* Case No. 21 Misc. 825, Dkt. 87 at p. 1. Yet, some factual basis for the Government's requested redactions is necessary. *See*, *e.g.*, *United States v. Amodeo*, 71 F.3d 1044, 1052 (2d Cir. 1995) (describing the factual basis for the countervailing concerns of law enforcement interests and judicial efficiency as "the Court Officer['s] assert[ion] that she would not have prepared the Report had she known that it would become public", and describing her "apprehensions about her access to confidential informants . . . to her monitoring of the consent decree"); *In re Search Warrant*, No. 16-MAG-7063, 2016 WL 7339113 at *4 (S.D.N.Y. Dec. 19, 2016) (describing the basis for the Government's proposed redactions to shield the identities of law enforcement personnel as "a somewhat close question" but determining that "this investigation was conducted by special agents who work in the fields of national security and counterintelligence" and that "[i]nformation regarding their identities could compromise other investigations"). Here, the Government has not argued that in the absence of redactions to the Search Warrant Materials any particular law enforcement-related interest might be jeopardized. As such, the Government failed to put forth any factual basis for redacting the Search Warrant Materials based upon law enforcement interests.

Similarly, in order to justify redactions to the Search Warrant Materials based upon purported third-party privacy interests, the record must actually demonstrate the existence of such privacy interests. *See*, *e.g.*, *Application of Newsday, Inc.*, 895 F.2d 74, 79-80 (2d Cir. 1990) (holding that "[t]he record shows that the district court was aware of the privacy interests at stake, and redacted references to innocent third parties"); *Amodeo*, 71 F.3d at 1051 (stating that "[i]n determining the weight to be accorded an assertion of a right of privacy, courts should first consider the degree to which the subject matter is traditionally considered private rather than public" and "[t]he nature and degree of injury must also be weighed"). Here, the Government has not identified any particular third-party privacy interest in a manner that may enable the Court to weigh the nature of the purported privacy interest or the nature and degree of injury involved. *See Amodeo*, 71 F.3d at 1051.

**The Dickerson Law Group**

February 6, 2025
Page 4 of 4

Accordingly, the Government's bare and unsupported assertions regarding third-party privacy interests are legally deficient.

In short, for years Meads was investigated by the Government in his capacity as a former Project Veritas journalist. In addition to the public right of access to the Search Warrant Materials, Meads has a right to access the information within the Search Warrant Materials to understand why he and his colleagues, as former members of the news media, were the subjects of a federal criminal investigation. In the absence of the Government having put forth any factual support justifying its requested redactions, Meads respectfully requests reconsideration of this Court's February 6, 2025 Order such that the Search Warrant Materials be unsealed in their entirety and without redactions. Additionally, Meads requests that this Court unseal all applications, affidavits, and other judicial documents filed by the Government in connection with the Government's compulsory demands, including secret warrants and 18 U.S.C. § 2703(d) orders, to obtain materials from service providers, including but not limited to, Microsoft, Apple, Google, AT&T, Verizon, Amazon, and Uber, with respect to accounts held by or on behalf of Project Veritas, O'Keefe, Meads, and Cochran.

Respectfully submitted,

By: _____
Brian E. Dickerson
New York State Bar No. 5169958
**THE DICKERSON LAW GROUP, P.A.**
6846 Trail Boulevard
Naples, FL 34108
Tel: (202) 570-0248
Fax: (239) 236-1260
bdickerson@dickerson-law.com

By **February 28, 2025**, the Government shall file its response.

SO ORDERED.

Dated: February 18, 2025
        New York, New York                _____
                                          ANALISA TORRES
                                          United States District Judge