

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

February 28, 2025

**BY ECF**

The Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:   *In re Search Warrant dated November 3, 2021*, 21 Misc. 825 (AT)

Dear Judge Torres:

The Government respectfully submits this letter in response to Spencer Meads's letter motion dated February 6, 2025 (Dkt. 89 ("Mot.")). For the reasons set forth below, his motion should be granted in part and denied in part.

*First*, Meads seeks unsealing of the search warrant applications, supporting affidavits, returns, and any other judicial documents filed in connection with the November 3, 2021 search warrants that were executed at Meads's residence (the "Meads Search Warrant Materials"), the subject of the above-captioned matter, and the residence of Eric Cochran (the "Cochran Search Warrant Materials"), at issue in case number 21 Misc. 819 (AT). On February 14, 2025, Meads, Cochran, and James E. O'Keefe III notified the Government that they waive their privacy interests in, among other things, the Meads Search Warrant Materials, the Cochran Search Warrant Materials, and the materials with respect to the search warrant executed at O'Keefe's residence (the "O'Keefe Search Warrant Materials"), at issue in case number 21 Misc. 813 (AT). On February 27, 2025, Project Veritas notified the Government that it waives its privacy interests in the Meads Search Warrant Materials, the Cochran Search Warrant Materials, and the O'Keefe Search Warrant Materials.

In light of Meads, Cochran, O'Keefe, and Project Veritas's waivers, and consistent with this Court's order granting the Government's motion to unseal the same type of materials with respect to the O'Keefe Search Warrant Materials (Dkt. 176, 21 Misc. 813 (AT)), the Government has no objection to unsealing the Meads Search Warrant Materials and the Cochran Search Warrant Materials with redactions sufficient to protect third-party privacy interests (of uncharged entities and individuals other than Meads, Cochran, O'Keefe, and Project Veritas), which have not been waived, as well as other law enforcement interests.[1] In addition, the Government has no objection

---

[1] The Government respectfully incorporates by reference herein its motion to unseal the O'Keefe Search Warrant Materials dated February 5, 2025. (Dkt. 174, 21 Misc. 813 (AT)).

to removing certain redactions previously applied to the O'Keefe Search Warrant Materials in light of Meads, Cochran, O'Keefe, and Project Veritas's recent waivers. The Government submits by email to the Court a version of the O'Keefe Search Warrant Materials, Meads Search Warrant Materials, and Cochran Search Warrant Materials with redactions proposed for the Court's review, and requests that these materials be received *ex parte* and under seal. In the event the Court grants the Government's request, the Government will promptly file the redacted versions on the public docket.[2]

    *Second*, to the extent Meads seeks "reconsideration" of this Court's order granting the Government's request to unseal the O'Keefe Search Warrant Materials with *any* redactions in order to protect third-party privacy and law enforcement interests (Mot. 1-2), that request should be denied. Meads claims that the Government's motion to unseal the O'Keefe Search Warrant Materials was somehow deficient. He is wrong. This Court previously conducted an *in camera* review of the O'Keefe Search Warrant Materials and issued an opinion analyzing the compelling reasons, including third-party privacy interests and law enforcement interests, that justified maintaining the O'Keefe Search Warrant Materials under seal. (Dkt. 172 at 5-8, 21 Misc. 813 (AT)). In its unsealing motion, the Government detailed the interests that justified the redactions proposed to the O'Keefe Search Warrant Materials and cited to relevant case law. (Dkt. 174 at 1-2, 21 Misc. 813 (AT)). This Court, after reviewing the Government's submission and the proposed redactions, granted the Government's motion. (Dkt. 176, 21 Misc. 813 (AT)). As this Court implicitly concluded, a lengthier analysis was not necessary given the nature of the redacted material itself—which self-evidently implicates third-party privacy interests, law enforcement interests, or both—and this Court's prior findings concerning the third-party privacy and law enforcement interests at issue. (*See* Dkt. 172, 21 Misc. 813 (AT) (this Court ruling, after reviewing the O'Keefe Search Warrant Materials *in camera*, that law enforcement and third-party privacy interests justified continued sealing)).

    Meads offers no legitimate factual or legal basis to revisit this Court's determination, or otherwise call into question the justification for any of the redactions this Court approved with respect to the O'Keefe Search Warrant Materials (and which are materially the same as the redactions now proposed for the Meads Search Warrant Materials and the Cochran Search Warrant Materials). He cites no legal authority for his self-serving assertion that he has "a right to know" the redacted information in the search warrant materials at issue. (Mot. 2). Moreover, the case upon which Meads principally relies—*In re: Search Warrant*, No. 16 Misc. 464 (PKC), 2016 WL 7339113 (S.D.N.Y. Dec. 19, 2016) (Mot. at 2-3)—was cited in the Government's motion to unseal the O'Keefe Search Warrant Materials (Dkt. 174 at 2, 21 Misc. 813 (AT)) and unequivocally supports this Court's order adopting the redactions proposed by the Government. In that case, like this Court in its February 6, 2025 Order (Dkt. 176, 21 Misc. 813 (AT)), Judge Castel approved redactions of a search warrant affidavit in light of both third-party privacy and law enforcement interests. *In re: Search Warrant*, 2016 WL 7339113, at *2-4.

---

[2] Unless directed otherwise, the Government intends to file the redacted version of the O'Keefe Search Warrant Materials in case number 21 Misc. 813 (AT) and the Meads Search Warrant Materials and Cochran Search Warrant Materials (which are contained in a single document) in this case and in case number 21 Misc. 819 (AT).

Moreover, the only third parties who have informed the Government that they have waived their privacy interests in the O'Keefe Search Warrant Materials are Meads, Cochran, O'Keefe, and Project Veritas. Meads, Cochran, and O'Keefe did not provide their waivers until February 14, 2025, and Project Veritas did not provide its waiver until February 27, 2025—all *after* the Government's prior unsealing motion (and Meads's unsealing motion) was filed. In light of those waivers, the Government has now proposed removing certain redactions from the O'Keefe Search Warrant Materials and more limited redactions for the Meads Search Warrant Materials and Cochran Search Warrant Materials than would have otherwise been required. But, in light of the compelling third-party privacy and law enforcement interests that remain, Meads has not—and cannot—establish a factual or legal basis to order the wholesale unsealing of any of the materials at issue.

*Third*, Meads appears to request that the Government identify and unseal various other legal process that may have been sought in the course of the investigation that led to the search warrant referenced in the caption of this case, some of which he refers to as "secret warrants." (Mot. 2). He identifies no legal basis for the Government to disclose to an uncharged third party what legal process was sought in the course of a federal grand jury investigation, much less the wholesale unsealing of such process without regard to compelling law enforcement and third-party privacy interests. As Meads is aware, on March 10, 2022, a magistrate judge entered an order, upon the Government's application, terminating all non-disclosure orders issued in the investigation. *See In Re Non-Disclosure Orders to Electronic Communication Service Providers and Remote Computing Service Providers in Criminal Investigation Assigned USAO No. 2020R01153*, No. 22 Mag. 2364 (SN) (S.D.N.Y. Mar. 10, 2022). Accordingly, there are no "secret warrants"—the service providers who were served legal process containing non-disclosure orders have, for nearly three years now, been under no legal obligation to keep such process confidential. To the extent Meads wishes to identify for the Government specific legal process he seeks to unseal, the Government will assess whether such documents can be unsealed, in part or in whole. At this juncture, however, Meads has not demonstrated any legal entitlement to additional information about legal process sought in the investigation, much less the contents of such legal process.

[intentionally left blank]

      For the reasons set forth above, the Court should grant Meads's motion in part and deny it in part. Specifically, the Court should (a) permit the revised redactions proposed by the Government to the O'Keefe Search Warrant Materials, in light of Meads, Cochran, O'Keefe, and Project Veritas's recent waivers, and otherwise deny Meads's request for reconsideration of the Court's order relating to the unsealing of the O'Keefe Search Warrant Materials; (b) permit the redactions proposed by the Government to the Meads Search Warrant Materials and the Cochran Search Warrant Materials to protect third-party privacy and law enforcement interests; and (c) deny Meads's request for an order directing the Government to identify and unseal other legal process sought in the investigation.

      Respectfully submitted,

      MATTHEW PODOLSKY
      Acting United States Attorney

By:   /s/  _____
      Jacqueline Kelly
      Robert B. Sobelman
      Mitzi Steiner
      Assistant United States Attorneys
      (212) 637-2456/2616/2284

Cc: Counsel of Record (by ECF)