# The Dickerson Law Group

**Brian E. Dickerson**
Partner
6846 Trail Blvd
Naples, FL 34108
Direct: 202.570.0248

Bdickerson@dickerson-law.com

March 4, 2025

**VIA CM/ECF**
*Original will <u>not</u> follow by mail.*

The Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

> *Re:*    <u>*In re Search Warrants dated November 3, 2021*</u>, 21 Misc. 825 *(AT)*

Dear Judge Torres:

Petitioner, Spencer Meads ("Meads") hereby replies to the February 28, 2025 letter filed by the Government (the "Response"), which responds to Meads's request for reconsideration of the Court's February 6, 2025 Order Granting the Government's Motion to Unseal (the "February 6, 2025 Order"). Dkt. 176.[1]

The Government's assertion that law enforcement and third-party privacy interests justify redaction of the Meads Search Warrant Materials, Cochran Search Warrant Materials, and O'Keefe Search Warrant Materials (collectively, the "Search Warrant Materials") is lacking under these circumstances. SDNY and the FBI subjected three (3) Project Veritas journalists to early morning raids in November 2021 and a years-long criminal investigation. Not only were their residences searched, but additionally the Government obtained detailed information regarding their activities, communications, and movements from third-party service providers, including Apple, Microsoft, and Uber. The subject matter of the Government's investigation of Project Veritas and its journalists was newsgathering activities squarely protected by the journalistic privilege and First Amendment. The search warrants executed against the residences of O'Keefe, Meads, and Cochran were sought and obtained by SDNY and the FBI notwithstanding the DOJ's clear policy prohibiting use of compulsory legal process to obtain information from journalists. *See* AG Order No. 5524-2022, codified at 28 C.F.R. § 50.10. In seeking the search warrants, it is unknown whether Government prosecutors disclosed to the magistrate judge that O'Keefe, Meads, and Cochran were journalists. This particular concern was heightened when the Government sought to cast doubt that Project Veritas was a *bona fide* news organization. *See* 21 Misc. 813, Dkt. 29 at p. 9 (Government's argument that "Project Veritas is not engaged in journalism within any traditional or accepted definition of that word").

---

[1]    Unless otherwise denoted, all docket citations refer to 21 Misc. 825.

**The Dickerson Law Group**

March 4, 2025
Page 2 of 6

After years of investigating Project Veritas and its journalists, in February 2025 the Government abruptly concluded its investigation without charging Project Veritas or its journalists. Yet, the nature and length of the Government's investigation of Project Veritas and these journalists leave unanswered serious questions striking to the core of the journalistic privilege and First Amendment protections. Importantly, this Court's April 16, 2024 Order states: "Judge Cave correctly recognized that if the investigation 'is closed without any criminal charges being filed, the law enforcement interests and possibly some of the third parties' privacy interests would have diminished to warrant revisiting the continued confidentiality of the [Search Warrant] Materials'". 21 Misc. 813, Dkt. 172 at p. 9. The Government's February 5, 2025 letter to the Court states that "[b]ased on information currently available to the Government, no additional criminal charges are forthcoming". Dkt. 87 at p. 1. Consequently, as the Court already determined, in the current posture any law enforcement interests and potentially third-party privacy interests are diminished. As the party seeking to redact the Search Warrant Materials, the Government must establish the existence of law enforcement and third-party privacy interests. The Government, however, has not identified any interests sufficient to justify redactions to the Search Warrant Materials.

Specifically, the Government's papers do not identify any law enforcement interests. The Government's February 5, 2025 request to unseal the O'Keefe Search Warrant Materials with redactions [21 Misc. 813, Dkt. 174] does not describe any law enforcement interest that potentially justifies redacting the Search Warrant Materials. To the contrary, the Government's counsel merely references "law enforcement interests" as a buzz phrase, as though it is a foregone conclusion that such interests are at play. *See id.* at pp. 1-2. Yet, the Government has provided absolutely no explanation regarding what any purported law enforcement interests may be. Similarly, in vague fashion the Government's Response references "other law enforcement interests" and "law enforcement interests that remain"; however, the Government has made no attempt whatsoever to describe those interests in any way, shape, or form. *See* Govt's Response [Dkt. 91] at pp. 1, 3. In reality, there are no law enforcement interests justifying redaction of the Search Warrant Materials.

As the Court recognized in its April 16, 2024 Order, the basis for declining to unseal the Search Warrant Materials was the then-pendency of the Government's investigation against O'Keefe, Meads, and Cochran. The Court's April 16, 2024 Order states, in relevant part:

> Courts have held that law enforcement interests in protecting the integrity of an ongoing investigation weaken when the Government decides to file charges or close an investigation without bringing charges. *See In re Search Warrant Dated October 13, 2023*, No. 23 Misc. 389, 2023 WL 6938292, at *4-5 (S.D.N.Y. Oct. 20, 2023) (granting motion to unseal a search warrant affidavit after the target of the investigation had been charged in a public criminal complaint); *In re Sealed Search Warrants Issued June 4 & 5, 2008*, 2008 WL 5667021, at *4 (holding that immediate access was not required when "the investigation will result in the filing of charges or the determination not

**The Dickerson Law Group**

March 4, 2025
Page 3 of 6

> to do so" because "future disclosure of the documents is likely"); *In re Search Warrant*, No. 16 Misc. 464, 2016 WL 7339113, at *4 (S.D.N.Y. Dec. 19, 2016).

April 16, 2024 Order, 21 Misc. 813, Dkt. 172 at pp. 7-8.

As the Government has failed to identify any law enforcement interest justifying redactions to the Search Warrant Materials, the Court should decline to redact the Search Warrant Materials on the basis of purported law enforcement interests. Here, the Government's investigation is concluded, and the Government has announced that no additional criminal charges will be brought. Thus, any concerns regarding integrity of an ongoing investigation, confidentiality of individuals of interest, cooperation of individuals now and in future investigations, and preventing destruction of evidence are dissipated. Years have passed since the search warrants against O'Keefe, Meads, and Cochran were executed. O'Keefe, Meads, and Cochran are no longer with Project Veritas. They have moved onto other things, just as life for everyone has moved on. As the result of the passage of time, the concerns that previously illuminated the unsealing request made by the Reporters Committee for Freedom of the Press in 2021 [*see* 21 Misc 813, Dkt. 34] are not relevant to the current posture. Yet, there are substantive reasons for requesting unsealing of the Search Warrant Materials. O'Keefe, Meads, and Cochran have alleged violations of the Privacy Protection Act (codified at 42 U.S.C. 2000aa), DOJ internal policies (codified at 28 CFR 50.10), and the First Amendment. Judicial approval of the search warrants directed to the residences of O'Keefe, Meads, and Cochran hinged on the Search Warrant Materials. In determining the level of access to judicial documents, courts look to the degree of relevance the documents have to judicial decisions and litigants' substantive rights. *See United States v. Amodeo*, 71 F.3d 1044, 1049-50 (2d Cir. 1995). The Privacy Protection Act strictly limits the use of compulsory process against journalists. In order for Meads and potentially the other journalists to determine whether a viable claim exists under the Privacy Protection Act, a full understanding of the Search Warrant Materials is necessary. Additionally, Project Veritas and the journalists who were the subject of the Government's investigation relied on *Bartnicki v. Vopper*, 532 U.S. 514 (2001), which provides First Amendment protections to journalists even where third parties obtained information unlawfully. There is, therefore, at least as strong of a First Amendment interest in transparency regarding Government raids and seizures of newsgathering materials. Clearly, while it is generally difficult to challenge search warrants while an investigation is pending, after the investigation is concluded legal remedies exist to address violations of civil and/or constitutional liberties and harassment.

A "[f]inding that a document is a 'judicial document' triggers a presumption of public access, and requires a court to make specific, rigorous findings before sealing the document or otherwise denying public access." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016) (quoting *Newsday LLC v. Cnty. of Nassau*, 730 F.3d 156, 167 n. 15 (2d Cir. 2013)). Accordingly, generalized assertions of law enforcement interests and third-party privacy interests – which is exactly what the Government now argues – will not suffice. In this regard, the purported existence of third-party privacy interests does not justify the extensive redactions that were made to

**The Dickerson Law Group**

March 4, 2025
Page 4 of 6

the O'Keefe Search Warrant Materials.  As noted in the Government's Response, Project Veritas, O'Keefe, Meads, and Cochran have now waived their privacy interests in writing.  *See* Dkt. 91 at p. 1.  As such, the Government argues in vague fashion only that the third-party privacy interests of uncharged entities and individuals that have not been waived necessitate redactions to the Search Warrant Materials.  *See id*.  Yet, of significant concern are the extensive redactions that already were applied to the O'Keefe Search Warrant Materials.  In many instances, entire pages or nearly entire pages of the Agent Affidavit in Support of the O'Keefe Search Warrant were redacted, thereby rendering the unsealing of the O'Keefe Search Warrant Materials meaningless.  *See* 21 Misc. 813, Dkt. 177 at pp. 4, 7-16, 21-46.[2]  Putting aside the issue of uncharged individuals and entities, it is difficult to understand how such heavy redactions possibly could be warranted where not only has the Government failed to identify any law enforcement interests pertinent to a now-closed investigation, but also the parties-in-interest have now expressly waived their privacy interests.  While it is acknowledged that Project Veritas, O'Keefe, Meads, and Cochran waived their privacy interests after the redacted O'Keefe Search Warrant Materials were released, those redactions appear to have been excessive in the first instance, and it is likely that the Government's latest proposed redactions may not be necessary or otherwise appropriately tailored in view of the weighty presumption of access requiring that the least restrictive means be employed to constrain public access.  In this regard, in *United States v. All Funds on Deposit at Wells Fargo Bank in San Francisco, California, in Acct. No. 7986104185, Held in the Name of Acct. Servs. Inc., & All Prop. Traceable Thereto*, 643 F. Supp. 2d 577 (S.D.N.Y. 2009), the district court stated, in relevant part:

> To the extent that compelling reasons exist to deny public access to the subject affidavits, the limitation should not be broader than necessary. *See, e.g., In re Newsday,* [895 F.2d 74, 80 (2d Cir. 1990)] (warning against "drastic restrictions on the common law right of access" and approvingly noting district court's limited redactions); *In re San Francisco Chronicle,* No. M07–256 (TCP), 2007 WL 2782753, at *2, *4 (E.D.N.Y. Sept. 24, 2007) (limiting redactions to identifying information of witnesses where the role of that information in the exercise of judicial power and its value in monitoring courts were "minimal"); *In re Searches of Semtex Indus. Corp.,* 876 F.Supp. 426, 429 (E.D.N.Y.1995) (directing the eventual unsealing of warrant application with redactions of only "information regarding under cover agents or cooperators"). **The Court is required to order disclosure absent compelling reasons to deny access and even then must employ the least restrictive possible means of doing so.**

*All Funds*, 643 F. Supp. 2d at 585 (emphasis added).

---

[2]    Pagination refers to the ECF filing stamp headers.

**The Dickerson Law Group**

March 4, 2025
Page 5 of 6

It is apparent that the Government is not seeking to apply the least restrictive means possible in proposing redactions the Search Warrant Materials. Instead, it appears that the Government is excessively redacting the Search Warrant Materials without any legitimate reason. To the extent that any redactions can be justified, the Government must justify each redaction specifically, and those redactions must be narrowly tailored such that public disclosure of the Search Warrant Materials is not rendered meaningless.

Separate and apart from unsealing the Search Warrant Materials in their entirety, this Court also should unseal all applications, affidavits, and other documents filed by the Government in connection with the Government's compulsory demands, including secret warrants and 18 U.S.C. § 2703(d) orders, to obtain materials from various service providers, including but not limited to, Microsoft, Apple, Google, AT&T, Verizon, Amazon, and Uber, with respect to accounts held by or on behalf of Project Veritas, O'Keefe, Meads, and Cochran. The Government cannot point to any need for confidentiality or secrecy with respect to these materials, as there is no longer any ongoing criminal investigation. In addition to Meads's need to fully assess whether his civil rights were violated by the Government's investigation, there also exists a compelling public need for full transparency regarding the Government's years-long criminal investigation of Project Veritas and its journalists, which was in contravention of the Department of Justice's policy broadly prohibiting use of compulsory legal process to obtain information from journalists. *See* AG Order No. 5524-2022, codified at 28 C.F.R. § 50.10. As noted in the undersigned's February 6, 2025 letter motion, the Government's criminal investigation against Project Veritas and its journalists for years has engendered significant public interest, scrutiny, and media coverage. *See* Dkt. 89 at p. 2, n. 2 (citing numerous examples of national media coverage of the Government's investigation). This significant public interest was echoed by the then-Ranking Members of the House Committee on the Judiciary, House Committee on Oversight and Reform, and Senate Permanent Subcommittee on Investigations.[3] Unsealing all applications, affidavits, and other documents filed by the Government in connection with the Government's compulsory demands, including secret warrants and 18 U.S.C. § 2703(d) orders, is necessary to address the public perception that the DOJ has run roughshod over its own policies and First Amendment principles, and along with Meads's need to assess any civil rights violations constitutes the particularized need for disclosure of such materials under these special circumstances. *See, e.g.*, *Anilao v. Spota*, 918 F. Supp. 2d 157 (E.D.N.Y. 2013) (addressing the particularized need standard with respect to unsealing grand jury materials); *In re Craig*, 131 F. 3d 99, 104 n. 5 (2d Cir. 1997) (observing *Douglas Oil's* "highly flexible 'particularized need' test for parties seeking to compel disclosure under Rule 6(e)" which was observed to be adaptable to special circumstances).

---

[3] U.S. Sen. Ron Johnson, *Sen. Johnson, Reps. Jim Jordan and James Comer Demand Answers on FBI Raid of Project Veritas* (Nov. 8, 2021), https://www.ronjohnson.senate.gov/2021/11/sen-johnson-reps-jim-jordan-and-james-comer-demand-answers-on-fbi-raid-of-project-veritas

**The Dickerson Law Group**

March 4, 2025
Page 6 of 6

        In the absence of unsealing the Search Warrant Materials and materials relating to other compulsory process involving third parties, Meads effectively will be denied meaningful judicial review of potential claims pursuant to the Privacy Protection Act and the First and Fourth Amendments.  This significant harm clearly outweighs the Government's vague, ambiguous, and generalized assertions of law enforcement and third-party privacy interests, along with the Government's failure to justify each requested redaction specifically.  Additionally, the potential chilling effect involved in declining this unsealing request cannot be overstated, as it relates to newsgathering activities and, in particular, those involving sensitive political matters.  Accordingly, Meads respectfully requests reconsideration of this Court's February 6, 2025 Order such that the Search Warrant Materials be unsealed in their entirety and without redactions.  Additionally, Meads requests that this Court unseal all applications, affidavits, and other documents filed by the Government in connection with the Government's compulsory demands, including secret warrants and 18 U.S.C. § 2703(d) orders, to obtain materials from service providers, including but not limited to, Microsoft, Apple, Google, AT&T, Verizon, Amazon, and Uber, with respect to accounts held by or on behalf of Project Veritas, O'Keefe, Meads, and Cochran.[4]

                                                    Respectfully submitted,

                                    By:_____
                                                    Brian E. Dickerson
                                                    New York State Bar No. 5169958
                                                    **THE DICKERSON LAW GROUP, P.A.**
                                                    6846 Trail Boulevard
                                                    Naples, FL 34108
                                                    Tel: (202) 570-0248
                                                    Fax: (239) 236-1260
                                                    *bdickerson@dickerson-law.com*

cc:      Counsel of Record (via CM/ECF)

---

        [4]        Forthcoming correspondence to the Court will request an Order requiring the Government's return of all seized devices belonging to Meads that are still in the Government's possession.